**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07 C 3003 |
| ) | |
| AKIN MARTINS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 2004, a jury convicted Akin Martins of conspiracy to possess and distribute heroin, possession of 166 grams of heroin with intent to distribute, and the use of a telephone to facilitate a heroin distribution conspiracy. The Court sentenced Martins to seventy-two months imprisonment. Martins has moved the Court pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence, alleging that his trial counsel, Ronald Clark, was ineffective. For the reasons stated below, the Court rejects four of Martins' six claims but defers resolution of the remaining claims to give Martins the opportunity to supplement his motion.

### Background

Martins was one of five men charged with narcotics offenses relating to a Nigerian heroin importation and distribution ring alleged to operate in Chicago between May 2002 and May 2003. Martins was charged with conspiracy to possess heroin with intent to deliver; use of a telephone on November 27, 2002 to carry out the alleged heroin conspiracy; and possession with intent to deliver heroin on that same date. Three of Martins' co-defendants – Al Stevens, Olajide

Omosanya, and Theodore Fabriek – pled guilty, cooperated with the prosecution, and testified at trial. Martins and co-defendant Yemi Odulate were tried jointly and were both convicted of all the charges against them.

Martins appealed from his conviction and sentence. His appointed counsel moved to withdraw, identifying the issues he had examined and asserting that he could not find a valid basis for appeal. The court of appeals permitted Martins to respond to counsel's motion. After considering the potential issues identified by counsel and by Martins, the court granted counsel's motion to withdraw and dismissed Martins' appeal. Counsel identified three possible issues in his motion to withdraw. The first potential issue concerned whether this Court had erred in trying Martins together with Odulate; the court of appeals concluded that the issue was frivolous. *United States v. Martins*, No. 04-3350, slip op. at 2 (7th Cir. Apr. 19, 2005). The second potential issue involved this Court's failure to instruct the jury on multiple conspiracies; the court of appeals likewise found that issue frivolous, as this Court covered the point in the general conspiracy instructions it gave the jury. *Id.* The third potential issue concerned the sufficiency of the evidence against Martins; again, the court of appeals found the issue frivolous. *Id.* at 3.

The court of appeals also addressed several points Martins identified in his response to counsel's motion to withdraw. Martins contended his trial counsel was ineffective; the court of appeals stated that "ineffective-assistance claims are more preferably made through a motion under 28 U.S.C. § 2255, where new evidence may be introduced to fully develop the record." *Id.* The court rejected Martins' contention that the government had violated its obligation to turn over exculpatory evidence by failing to produce a statement from Odulate that the substance they were distributing was not heroin. The court stated that because Martins had to know this

2

information if it was true, its non-disclosure did not violate the government's obligations under *Brady v. Maryland*. *Id.* Next, the court of appeals rejected Martins' assertion that this Court had improperly held him accountable at sentencing for drug quantities with which he had not been charged, stating that the argument would be frivolous because this Court had sentenced Martins within the confines of the jury's findings regarding the drug quantity involved in the charges on which he was convicted. *Id.* Finally, the court of appeals rejected Martins' contention that this Court had imposed a sentence in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), noting that the Court had stated that it would have imposed the same sentence even if the Sentencing Guidelines were not mandatory. *Id.* at 3-4.

In his section 2255 motion, Martins contends that his trial counsel rendered constitutionally ineffective assistance. First, Martins contends that counsel should have filed a motion attacking the sufficiency of the indictment, which Martins contends was vague and lacking sufficient detail regarding the dates, locations, quantities, and types of drugs involved in the alleged drug transactions. Second, he argues that counsel should have taken steps to require the government to identify specific overt acts supporting the conspiracy charged in Count One of the indictment, which Martins contends was too vague and nonspecific to allow him to mount an adequate defense. Martin argues that if he had more specifics, he could have provided his counsel with exculpatory evidence, such as an alibi for relevant dates and times. He says he intended to ask his counsel to seek more detail but that counsel did not show up to see him until just three days before trial and then ignored Martins' request to seek greater detail.

Martins' third claim is that despite his repeated requests, his counsel failed to contact co–defendant Odulate (or his counsel) to secure an exculpatory affidavit and to ask Odulate to

3

testify in Martins' defense. Fourth, Martins contends that counsel performed an inadequate cross-examination of the government's witnesses by failing to have them identify the specific dates, locations, quantities, and types of drugs involved in the alleged drug transactions so that Martins could present his own alibi and alibi witnesses. Fifth, he argues that counsel failed to exploit testimonial inconsistencies between the two government witnesses regarding the year of the alleged drug transactions and failed to highlight the importance of these discrepancies to the jury. Sixth, Martins contends that counsel failed to investigate and present at trial post-arrest statements by Odulate and unindicted co-conspirator Patrick Adeniyi that Martins contends exculpated him.

As indicated earlier, Martins refers repeatedly to his counsel's lack of communication with him, saying he made repeated efforts to contact his counsel but did not see him until three days before trial. Martins contends counsel did not provide him with copies of discovery or other relevant documents and that as a result he was prevented him from learning the details of the government's contentions until he heard them at trial.

## Discussion

To determine whether Martins has established his claims of ineffective assistance of counsel, the Court applies the principles of *Strickland v. Washington,* 466 U.S. 668 (1984). To show his counsel's assistance was constitutionally defective, Martins must establish that counsel's deficient performance prejudiced his defense. *Id*. at 687. Deficient performance occurs when counsel's conduct falls below an objective standard of reasonableness. *Id.* at 688. In this regard, a court assessing counsel's performance must make "every effort . . . to eliminate the distorting effects of hindsight," and the defendant must overcome a presumption that the trial

4

lawyer's decisions were part of a "sound trial strategy." *Id*. at 689. *Strickland's* prejudice requirement necessitates a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694; *see also Bell v. Cone,* 535 U.S. 685, 697-98 (2002). In making this showing, speculation that counsel's errors had some conceivable effect on the outcome is insufficient; the defendant must specifically explain how the outcome of the proceedings would have been different absent counsel's ineffective assistance. *Berkey v. United States*, 318 F.3d 768, 773 (7th Cir. 2003).

1.  **Claim one - failure to challenge sufficiency of indictment**

    Martins' first claim is that trial counsel was deficient because he failed to challenge the vagueness of the indictment by way of a pretrial motion to dismiss. Martins could not possibly have been prejudiced by counsel's failure to file such a motion. An indictment is sufficient if it states all the elements of the charged offense, informs the defendant of the nature of the charge so that he may defend himself, and enables the defendant to plead the judgment as a bar to any later prosecution for the same offense. *See United States v. Garner*, 837 F.2d 1404, 1412 (7th Cir. 1987). The indictment in this case met those standards. The only way in which Martins suggests that the indictment may have been insufficient is that it allegedly did not sufficiently detail any overt acts in which he was claimed to have participated. The Court notes initially that no overt act need be alleged or proven to establish a conspiracy under 21 U.S.C. § 846. *See, e.g., United States v. Dumes*, 313 F.3d 372, 382 (7th Cir. 2002). But that aside, the indictment sufficiently advised Martins of his alleged role in the conspiracy to permit him to defend himself: it alleged that between May 2002 and May 2003, he received quantities of heroin from Omosanya and Fabriek and provided it, or arranged to provide it, to others for resale, including to co-defendants

5

Stevens and Odulate. *See* Indictment ¶¶ 6-8. In short, a motion to dismiss the indictment would not have succeeded, and thus counsel's failure to file such a motion did not prejudice Martins. Had Martins' counsel challenged the sufficiency of the conspiracy charge, the most the Court would have done would have been to require a bill of particulars providing greater detail – a function that ultimately was performed by the government's filing of a *Santiago* proffer, a point to which the Court will return momentarily.

2.   **Claim two - failure to seek and provide Martins with details regarding conspiracy**

Martins' second claim is somewhat related to his first; he alleges that his counsel failed to seek, prior to trial, more details regarding the charges and the transactions in which Martins allegedly was involved. Martins argues that this deficiency prejudiced him because without specific details to refute, he could not mount an adequate defense. The government answers Martins' claim by noting that several weeks before trial, it filed and served on defense counsel a *Santiago* proffer describing the government's basis for asserting the existence of a conspiracy and each defendant's involvement in the conspiracy. The *Santiago* proffer included a detailed description of each transaction the government intended to present at trial and the evidence of each defendant's involvement in each such transaction. Because the government voluntarily provided a *Santiago* proffer, Martins' trial counsel was not deficient in failing to seek one.

One might wonder why, in light of the fact that the government filed a *Santiago* proffer, Martins says he did not have sufficient detail before trial to allow him to defend himself. Martins' second claim is properly construed, however, to include a contention that his trial counsel never told him about the government's particularization of the details of the conspiracy

6

charge.[1] Martins says that counsel did not come to visit him in custody for an extended period and that when counsel came to visit just three days before trial, he was unresponsive to Martins' request to seek more detail. This suggests that counsel may not have provided Martins a copy of the *Santiago* proffer, which had been filed over two weeks earlier. Indeed, Martins states in his reply brief that he was "not informed of any *Santiago* Proffer verbally or through discovery." Reply Br. at 4.

Martins does not describe with specificity how he was prejudiced by his lack of knowledge of the details of the government's case prior to trial – in other words, what he might have been able to do that could have changed the outcome of the case. His only contention in this regard is his general argument that if he had more specifics, he could have provided his counsel with an alibi or other exculpatory evidence. Ordinarily such generalities would not suffice. But it would be unjust to reject Martins' claim based on his failure to demonstrate prejudice without giving him the opportunity to review the very document he says he needed to defend himself, and which, it appears, he does not have even now. The Court will therefore direct the government to provide Martins with a copy of the *Santiago* proffer and will give Martins the opportunity to supplement his second claim to attempt to make a particularized showing of prejudice.

3.  **Claim four - failure to cross-examine witnesses regarding details of transactions**

Martins' fourth claim is that his attorney did not adequately cross-examine the government's witnesses at trial to pin them down on details so that he could present an adequate

---

[1] *Pro se* section 2255 motions are construed liberally. *Burris v. United States*, 430 F.2d 399, 402 (7th Cir. 1970); *see also, e.g., United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007); *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002).

defense. Because this claim is intertwined with what remains of Martins' second claim, the Court will not rule on this claim until after Martins has had the opportunity to make the supplemental submission referenced above.

**4.      Claim three - failure to obtain exculpatory testimony from co-defendant**

Martins' third claim involves his counsel's failure to contact Odulate to secure an exculpatory affidavit and to request that he testify in Martins' defense at trial. Martins argues that Odulate would have testified that the substance discussed in recorded telephone conversations that were admitted as evidence at trial was marijuana, not heroin. The Seventh Circuit's ruling in Martins' direct appeal is dispositive of this claim. The court of appeals ruled that even if Odulate had been called to testify regarding this point, it "would not have affected the outcome of the trial," in view of the fact that Martins' three other co-conspirators, including persons both above and below him in the distribution chain, testified that they conspired with Odulate and Martins to traffic heroin, not marijuana, and in light of the evidence presented at trial regarding controlled buys of what was unquestionably heroin. *Martins*, slip op. at 2. The court of appeals' conclusion precludes Martins from showing the prejudice necessary to establish a claim of ineffective assistance of counsel.

**5.      Claim five - ineffective cross-examination of government witnesses**

In his fifth claim, Martins alleges that counsel failed to exploit inconsistencies between two government witnesses regarding the year of the alleged drug transactions and failed to highlight the importance of these discrepancies to the jury. Specifically, Martins says that though Stevens testified about having received and resold heroin in 2002, Omosanya, who allegedly supplied the heroin, denied supplying Martins with heroin in 2002, saying he did so only in 2003.

8

As a result, Martins said, he could not have been involved in the 2002 heroin transaction or transactions that formed the basis for the 166 grams of heroin attributed to him for sentencing purposes. Martins says his trial counsel did nothing to highlight this point.

The Court disagrees with Martins' characterization of Omosanya's testimony. Specifically, Omosanya never denied dealing with Martins in 2002. Indeed, on direct examination by the government, Omosanya stated that between May 2002 and May 2003, various heroin couriers, including Martins, came to apartments in Oak Lawn and Alsip, Illinois where heroin was distributed. Trial Tr. 471-74. He testified that Martins obtained heroin from him at the apartments during that period. *Id.* 475-78. Though Omosanya said, on cross-examination by Odulate's counsel and on redirect examination by the prosecution, that he *last* dealt with Martins in April 2003, he never said that he had not dealt with Martins in 2002.

Omosanya's testimony did set up an apparent contradiction with Stevens, but not the one that Martins identifies. As the Court has indicated, on direct examination Omosanya said that he dealt with Martins during the period from May 2002 through May 2003, without specifying exactly when during that period he provided Martins with heroin. On cross-examination by Martins' lawyer, however, Omosanya said the last time he saw Martins with heroin was in April 2002. *Id.* 486. This testimony did set up a contradiction with Stevens, though not in the way Martins now argues – Omosanya was actually placing his dealings with Martins *earlier* than those claimed by Stevens and the government. However, when Odulate's lawyer cross-examined Omosanya on this same subject after Martins' lawyer had finished, Omosanya corrected himself, saying (as discussed above) that he had last sold heroin to Martins in April 2003. *Id.* 494-95. On redirect examination, in response to questions by the prosecutor, Omosanya testified his earlier

9

reference to April 2002 had been a mistake. *Id.* 496.

It is true, as Martins points out, that his lawyer said nothing in closing argument about the apparent inconsistency between Omosanya and Stevens (which the Court again notes is *not* the allegedly fatal inconsistency that Martins argues in his section 2255 motion). But in view of the apparent correction by Omosanya during cross-examination by Odulate's lawyer and the prosecutor, the Court cannot say that the failure of Martins' lawyer to discuss the point amounted to deficient performance. Under the circumstances, it was objectively reasonable for Martins' lawyer to conclude that it would be fruitless to attempt to exploit what, after all was said and done, a momentary and perhaps only apparent inconsistency. And even had he done so, there is no basis to believe that this evidence would have swayed the jury.

To summarize, the supposedly fatal inconsistency between Stevens and Omosanya that Martins asserts is not supported by the record. And the only inconsistency between those two witnesses that the record reflects was more apparent than real. For these reasons, Martins has not established either requirement of the *Strickland* test with regard to his fifth claim.

### 6. Claim six - failure to offer exculpatory statements of co-conspirators

Martins' sixth claim is that counsel failed to offer at trial the post-arrest statements of Odulate and Patrick Adeniyi, which Martins says tended to exculpate him. Specifically, Martins says that Odulate and Adeniyi told law enforcement that Martins was not part of the heroin dealing conspiracy and specifically said they had no knowledge of Martins' involvement on November 27, 2002, a date on which Martins was claimed to have participated in setting up a heroin transaction.

Martins has not provided the Court with either post-arrest statement, so the Court is

10

unable to evaluate their contents. The only statement by either Odulate or Adeniyi that Martins has provided is an affidavit by Odulate, attached to Martins' section 2255 motion, in which Odulate says that his conversations with Martins had concerned marijuana, not heroin, and that he never provided heroin to Martins or received money from Martins for heroin. Any claim based on the failure of Martins' trial counsel to offer testimony along those lines is barred (as discussed earlier) by the Seventh Circuit's decision in Martins' direct appeal that such testimony by Odulate would not have affected the outcome of Martins' trial. *See Martins*, slip op. at 2.

Martins' claim based on his counsel's failure to offer the allegedly exculpatory post-arrest statements of Odulate and Adeniyi is likewise lacking in merit. Offering the statements could not have altered the outcome of the trial, because they would have been inadmissible as hearsay. *See, e.g., United States v. Bonty*, 383 F.3d 575, 579 (7th Cir. 2004).[2] For this reason, Martins has failed to show the prejudice needed to establish a claim of ineffective assistance of counsel.

**Conclusion**

The Court rejects claims one, three, five, and six in Martins' section 2255 motion. With regard to claims two and four, the Court directs the government to mail Martins a copy of the *Santiago* proffer from Martins' criminal case by February 4, 2008. The Court further directs Martins to file a supplement to his section 2255 motion by March 19, 2008. In this supplement, Martins should identify, as specifically as possible, the testimony or evidence he would have been able to offer at trial had he been aware of the *Santiago* proffer and should explain how that

---

[2] The Court does not intend by this to preclude Martins from attempting to show, as part of his supplemental submission in support of his second claim, that if he had known the details of the government's claims before trial, Odulate and/or Adeniyi could have provided exculpatory evidence regarding particular events or transactions.

evidence would have affected the outcome of the trial. To the extent that the submission involves testimony by Martins, he should verify it under the penalty of perjury; to the extent it involves the testimony by others, he should provide those persons' verified statements or other evidence of how they would have testified. The government may file a reply to Martins' supplemental submission by April 2, 2008.

                                                                    _____
                                                                    MATTHEW F. KENNELLY
Date:   January 25, 2008                           United States District Judge