# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07 C 3003 |
| ) | |
| AKIN MARTINS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Akin Martins has filed a *pro se* motion under 28 U.S.C. § 2255, seeking to vacate his convictions and sentence for narcotics-related offenses. Martins asserted six claims of ineffective assistance of his trial counsel, Ronald Clark. The Court previously rejected four of those claims and gave Martins the opportunity to submit further briefing of the other two. In this decision, the Court denies Martins' remaining claims.

## Background

Martins was one of five men charged with narcotics offenses relating to a heroin importation and distribution ring alleged to operate in Chicago between May 2002 and May 2003. He was charged with conspiracy to possess heroin with intent to deliver; use of a telephone on November 27, 2002 to carry out the conspiracy; and possession of heroin with intent to deliver on that same date. Three of Martins' co-defendants pled guilty, cooperated with

prosecutors, and testified against Martins at trial. Martins was tried jointly with co-defendant Yemi Odulate; both were convicted on all the charges against them. The court of appeals affirmed Martins' conviction and sentence.

In his section 2255 motion, Martins asserted six claims of ineffective assistance of trial counsel. In an earlier decision, the Court rejected four of those claims – those based on Martins' contention that trial counsel should have filed a motion to dismiss the indictment as unduly vague; he should have tried to obtain an exculpatory affidavit from Odulate; he did not exploit alleged inconsistencies between the testimony of two of the cooperating co-defendants, Al Stevens and Olajide Omosanya; and he failed to offer the post-arrest statements of Stevens and Patrick Adeniyi. *United States v. Martins*, No. 07 C 3003, 2008 WL 244313, at *3-6 (N.D. Ill. Jan. 25, 2008).

The Court's ruling left open Martins' two other claims (those the Court identified in its earlier ruling as claims two and four). *See id.* at *3-4. In claim two, Martins alleged that his trial counsel failed to seek, before trial, more details regarding the charges and transactions in which Martins was involved. Martins alleged that this prevented him from defending against the charges because if he had more specifics, he could have provided counsel with an alibi or other exculpatory evidence. The Court declined to rule on this claim because it became apparent that Martins did not have a copy of the so-called *Santiago* proffer that the government had filed and served on Martins' trial counsel prior to trial. The Court directed the government to provide Martins

with a copy of the proffer and gave Martins "the opportunity to supplement his second claim to attempt to make a particularized showing of prejudice." *Id.* at *4.

In claim four, Martins alleged that trial counsel failed to adequately cross-examine the government's witnesses at trial to pin them down on details so Martins could present an adequate defense. The Court declined to rule on this claim, finding it to be "intertwined with what remains of Martins' second claim," such that ruling on it would be unfair unless Martins had an opportunity to review the *Santiago* proffer to attempt to make a showing of prejudice. *Id.*

Following Martins' receipt of the *Santiago* proffer, he filed a supplemental memorandum with the Court.[1] The Court now addresses Martins' two remaining claims.

## Discussion

To show that he received ineffective assistance of counsel, Martins must establish that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's deficient performance, the outcome of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 688-89 (1984).

**1.    The *Santiago* proffer**

A *Santiago* proffer typically consists of a pretrial submission setting forth

---

[1] Martins also submitted a request to the Court for a copy of the indictment in the case. The Court caused a copy of the indictment to be mailed to Martins on July 18, 2008. Martins did not make this request until long after he had filed the supplemental memorandum that the Court invited and did not contend that he needed the indictment to prepare that memorandum.

the basis for the government's contention that the Court should provisionally admit co-conspirator declarations in evidence, subject to laying the evidentiary foundation at trial. *See, e.g., United States v. Rodriguez*, 975 F.2d 404, 406 (7th Cir. 1992); *see generally United States v. Santiago*, 582 F.2d 1128, 1130-31 (7th Cir. 1978) (requiring trial court to make a preliminary determination regarding the admissibility of the declaration of the coconspirator offered by the government). In the *Santiago* proffer the government submitted in Martins and Odulate's case, it described the roles of each claimed co-conspirator and provided a particularized description of narcotics-related dealings on July 8, 2002, November 25, 2002 (including summaries of two intercepted communications on that date), November 27, 2002 (including summaries of fifteen intercepted communications and an observation made by surveillance officers), and November 30, 2002. The government also provided a detailed summary of the anticipated trial testimony of Stevens, Omosanya, and Theodore Fabriek, the three cooperating co-defendants expected to testify at trial. The factual material in the government's submission covered twelve double-spaced pages altogether.

**2.    Claim two**

Having now reviewed the *Santiago* proffer, Martins makes the following contentions to supplement claim two: 1) the *Santiago* proffer should have been presented to the jury at trial; 2) the proffer is inconsistent with allegations in the indictment; 3) if Martins had been aware of the proffer, he

4

would have insisted that counsel subpoena the alleged co-conspirators that the government did not call to testify, who, Martins says, would have exculpated him; 4) the proffer included references to certain events that did not involve Martins; 5) it did not include a description of every conversation offered at trial. Martins also repeats his contention (previously asserted as claim three, which the Court has already rejected) that his trial counsel should have asked Odulate to testify in Martins' defense. *See* Suppl. Mem. at 2-5.

The Court rejects each of these arguments. Martins' first argument misunderstands the purpose of a *Santiago* proffer. The proffer is not itself evidence that is offered at trial; rather, it is a summary of evidence the prosecution intends to offer. The proffer is not admissible in evidence, thus no error was committed by the Court in not admitting it or by Martins' lawyer in not seeking its admission.

Second, the Court has compared the *Santiago* proffer to the indictment and sees no contradiction between the two. The indictment includes certain transactions not specifically described in the *Santiago* proffer, but that does not make the two documents inconsistent. Rather, the two documents have different purposes: the indictment identifies the charges against the defendants, only one of which was a conspiracy charge; the *Santiago* proffer particularizes the evidence describes in general terms the evidence of conspiracy that the government proposed to offer as the basis for admitting in evidence the out-of-court statements of co-conspirators. The Court does not

5

see any *factual inconsistencies* between the allegations in the indictment and the statements in the *Santiago* proffer.

Third, though Martins repeats his earlier claim that he would have insisted that trial counsel subpoena the non-testifying co-conspirators, he does not identify any evidence they could have offered that would have exculpated him. As the Court stated in its January 25, 2008 decision, speculation that counsel's errors had some conceivable effect on the trial is insufficient to establish the requisite prejudice; rather, the defendant must explain specifically how the outcome of the proceedings would have been different absent counsel's ineffective assistance. *Martins*, 2008 WL 244131, at *2 (citing *Berkey v. United States*, 318 F.3d 768, 773 (7th Cir. 2003)). Martins has not done this, despite the fact that the Court advised him in the earlier decision that this is what he needed to do. (The Court has already rejected Martins' argument regarding the non-calling of co-defendant Odulate to testify. As the Court concluded in its earlier decision, the court of appeals rejected that exact claim, and it is not open for reconsideration by this Court. *Martins*, 2008 WL 244313, at *4.)

Fourth, the Court does not doubt that the *Santiago* proffer failed to include every conversation and detail offered at trial; that is not its purpose. This does not mean, however, that Martins was prejudiced by trial counsel's failure to ask for more detail. The Court again concludes that the *Santiago* proffer – together with other material that the government provided to the

6

defense in discovery – provided adequate detail to permit Martins to defend against the charges at trial.

Fifth and finally, though Martins is correct that the *Santiago* proffer includes reference to events and conversations in which he did not participate, that is of no consequence. Rather, that is par for the course in a conspiracy case. Under the law, it is not necessary for each defendant charged with conspiracy to agree to or participate in every step of the conspiracy. Rather, each conspirator is liable for overt acts of every other conspirator done in furtherance of the conspiracy, whether the acts occurred before or after he joined the conspiracy. *See, e.g., United States v. Read*, 658 F.2d 1225, 1230 (7th Cir. 1981).

For these reasons, the Court reaffirms the determination it made in the January 25, 2008 ruling that Martins has failed to show that he was prejudiced by his counsel's failure to seek more details regarding the charges and also concludes that he has failed to show that he was prejudiced by counsel's failure to provide him with the information included in the *Santiago* proffer.

3. **Claim four**

Claim four is Martins' claim that his trial counsel did not adequately cross-examine the government's witnesses at trial to pin them down on details so he could present an adequate response. In his supplemental submission, Martins makes the following additional arguments in support of this claim: the *Santiago* proffer was not specific enough regarding the details of certain of

the narcotics transactions; and several of the transactions in the proffer did not involve Martins. *See* Suppl. Mem. at 5-8.

Martins is correct that a number of the transactions described in the *Santiago* proffer did not directly involve him. As the Court discussed in the previous section of this decision, however, that is of no consequence – to be found guilty of conspiracy, a conspirator need not participate, or even know about, every act committed in furtherance of the conspiracy.

As for the purported lack of sufficient detail, Martins still has not shown, and has not attempted to show, how the additional information he says his counsel should have sought would have made a difference in the outcome of the trial. Martins argues, with respect to one meeting referenced in the proffer, that it was claimed to have occurred in June 2002, and that further information regarding the date might have enabled him to show that he was in school or had an alibi for the particular date. Perhaps so, but it appears from the proffer that Fabriek, the cooperating witness who appears to have provided information about this alleged event, was unable to provide any greater level of detail. The Court cannot conclude that trial counsel's alleged failure to ask for more detail prejudiced Martins in the way *Strickland* requires him to show in order to obtain relief under section 2255.

## Conclusion

For the reasons stated above, the Court denies Martins' remaining claims. The Court also denies Martins' request (contained in his supplemental

memorandum) for reconsideration of the Court's earlier denial of certain claims. The Clerk is directed to enter judgment denying Martins' section 2255 motion. All pending motions are terminated.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 21, 2008